We'll hear argument now in the place of global technology against Satyam Computer. Good morning, Your Honors. Mr. Tutulian. Michael Tutulian on behalf of the Plaintiff Appellants. Your Honors, you have the unique opportunity of doing something that Black's Law Dictionary has never done, and that is define the word must. I have here the 10th edition of Black's Law Dictionary. What word do you want defined? Define the word must. Must. I have here the 10th edition. Can you do yes to it at the same time? Pardon? Can we do yes to it at the same time, or if? Well, Black's Law Dictionary has defined the word can. It's defined the word may. It's defined the word will. It's defined the word shall. But it has not defined the word must. Did you notify the author of the volume that he blew it? Well, I think it's going to be in the next edition, thanks to this court. You can send Brian Garner a complaint at any time. His e-mail address is public. The other thing that this court has in option. But your problem, counsel, is that you've confused the word must, which just tells us what counsel must do, with the consequences of failing to do it. That's what this case is about.  It's whether the violation of the rule automatically has a particular consequence. And the law of this circuit is that it does not. It leads to the consequence you're arguing for only if there's prejudice. And that's fairly common, right? Probably every other term, on average, the Supreme Court of the United States holds that a must doesn't mean dismissal. Take a simple case. Statute of limitations says you must file by time X. The Supreme Court says that's not jurisdictional and there are excuses for not filing. Right. I agree. And so on. I agree. The issue here is also how do you interpret Rules 8 and 12 in light of Federal Rule 1? The cases that everybody has cited, none of the cases discuss Federal Rule 1 and the definition of the word must. Federal Rule 1. Now, counsel, I just said the definition of the word must is not what this case is about. What you need to do is argue that failing to comply with a rule automatically, in this case, ditches the potential defense, whether or not there is prejudice. The rule doesn't specify a consequence for noncompliance. The criminal rules do, or at least until the most recent revision, the parallel provision in the criminal rule said that if you don't raise a defense at the specified time, it is waived. Civil rules don't say that. What you need to argue is that the civil rules should be treated as if they were like criminal Rule 12e. What does Rule 1 say? Rule 1 says the rule should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding. This circuit's interpretation of Rule 8 and 12 is contrary to Rule 1, and it's contrary to the Supreme Court cases of Ashcroft and Bell Atlantic. The judicial philosophy that is now signaled to the circuits by the Supreme Court is that you're to get everything out as quick as possible and dispose of these cases as quick as possible. Plaintiff, you have to now plead a cause of action right from the get-go. The old standard of notice pleading where you just basically could say, defendant, you harmed me, that is no longer the standard here. The same standard should apply to Rule 8 and 12. That's an incorrect statement of Twombly, but it doesn't matter. Okay. The whole point is the Court signaled the earlier disposition of cases as quick as possible. The pleadings were now going to be treated more differently than they were in the past. Here, in this case, this circuit has basically said, unless you establish prejudice, you can bring in an affirmative defense basically at any time that basically the philosophy is better late than never. I believe the better philosophy is better earlier than never on pain of waiver. What is the law in other circuits? Are we out of step with our colleagues in other circuits? Most of the circuits do agree. There's some contrary view, the D.C. Circuit case. There's a D.C. Circuit case, and there's also a Fourth District case that hold differently. But most of the circuit court cases do follow this undue prejudice standard. But again, a lot of these cases predate 2007 when the word in Rule 8 and 12 was the word shall. Now, it was replaced with the word must. The Court doesn't think that this change is significant, but why was it changed from shall to must and not to can or will? Why was that word used? I maintain that in conformity with Rule 1, it was the philosophy that in conformity with Rule 1, to move as quickly as possible. You did read the note, I trust, the committee note, which says the changes are stylistic and not substantive. Well, it all depends on ‑‑ there were several notes. The ‑‑ okay. The point 3 says, changes to reduce inconsistent, ambiguous, redundant, repetitive, or archaic words. That's point 3. For example, the word shall can mean must, may, or something else depending on context. The potential for confusion is exacerbated by the fact that shall is no longer generally used in spoken or clearly written English. The restyled rules replace shall with must, may, or should depending on which one the context and established interpretation may correct in each rule. What has happened here in this case, which makes this case even more egregious, is that time and money and expense was needlessly expended in this case. And would have even continued even further had I approached the court and said let's file a motion for summary judgment dealing with liability. Otherwise, this case could have gone on for another 6, 8, 12 months with discovery on expenses, on damages. And we would have incurred all those additional costs. And then they would have brought this motion based on the Illinois Business Broker Act. I maintain that the philosophy should be prejudice, yes, should be a component. But it should not be the threshold component. Why is it that immediately once a defendant files a defense, it's okay, plaintiff, now show prejudice. Why shouldn't the initial threshold issue be defendant? Why are you doing it now? Why couldn't you do it earlier? This is untimely. Prove to us that it's not untimely. When you have a situation here where three successive motions to dismiss are filed, then an answer with four affirmative defenses are filed. None of them raise the Illinois Business Broker Act. Doesn't this really strain the standard that the court is saying, the prejudice? No, plaintiff, you have to show prejudice. Why is there no culpability on the defendant for raising it at this point in time when this issue was clearly raised at the latest in the Second Amendment complaint, which Judge Hart acknowledged that that was clearly set forth in the Second Amendment complaint. And even prior to that, it was in the membership interest purchase agreement that was executed between the defendant and Bridge where it identified my client as the broker. So I believe that the standard, I think this should be remanded to Judge Hart to have him look at this issue of timeliness. And have the defendant justify why this defense was brought at this point in time, why it could not have been brought earlier, and why we have expended all this time and effort on something that could have been disposed of at the earliest opportunity, at the earliest by the complaint and at the latest when the Second Amendment complaint was answered. Thank you. Thank you, counsel. Mr. Conrad. Good morning, Your Honor. Christopher Conrad on behalf of the Defendant Appellee, Satchin Computer Technology Services. I think it's important to note, and it's important to start in this case, that the plaintiff has never once contested the viability or the applicability of this defense. He's conceded he loses the case. He didn't contest it in the underlying case. He doesn't put it in his brief. He has never said the act does not apply. So his saving grace is to suggest it's argued. But whether or not the act applies certainly has to go into any prejudice analysis. This circuit has ruled numerous times, it's the law of the circuit, as judges reported out, that they have to show prejudice. Waiver cannot exist absent plaintiff showing some prejudice. It's actually not clear what the right allocation of burdens is. The defendant who wants to file a late motion might have to show lack of prejudice. There hasn't been any argument in this case about the right allocation of the burden. Well, that's true, and we're on appeal right now. So actually the burden in my position, our position would be the burden is on the plaintiff appellee to show that the district court abused its discretion. And as you indicated earlier today, they have to show that you feel compelled or that a person would feel compelled that the district court erred. Based on the record here, there is no feeling of compulsion that the district court erred in finding that this defense was not waived. The issue of whether prejudice has been established is not even necessarily discussed in counsel's argument. But clearly here there was no prejudice. The circuit and the Northern District of Illinois has defined whether prejudice exists in this situation as to whether an individual or a litigant has been bushwhacked or whether they have an opportunity to respond to the defense. And again, that goes to my earlier point that here they had three opportunities to brief the applicability of the act. We raised it in our summary judgment motion. They refuted it in their response to our summary judgment motion. It was in front of the district court on cross-summary judgment motion. So they raised it again in their reply in support of their summary judgment motion. And then they asked for leave to file a surreply, which Judge Hart granted. So they were given three opportunities to address this defense. At each turn, they only brought up the waiver issue. They never addressed the substance of the defense. The only prejudice argument they've made is the passage of time. But really they're addressing, they're somewhat confusing the wrong with the remedy here. Their argument, if you distill it down, is that they incurred unnecessary litigation expenses because we didn't win the case sooner. But their alleged argument on appeal is that we didn't assert an affirmative defense. There's a disconnect there. Asserting a timely affirmative defense does not necessarily mean the case goes away earlier. So if, for example, we would have asserted an affirmative defense that was to their liking at the initial outset of the case, that said the Business Broker Act applied, that doesn't mean the litigation would have borne out any differently or that we would have made the judgment call to obtain discovery before we asserted a dispositive motion on this issue any differently. So the prejudice that he asserts isn't related to the wrong he's claiming. I think it's been correctly pointed out by the Court that he's essentially asking the Court to reverse itself and the vast overwhelming majority of the other circuits that hold that prejudice is required for waiver. We don't have the facts here for waiver. The district court properly considered the law of this circuit. The district court entered a well-reasoned opinion identifying the cases he relied upon. And based on the facts here, there cannot be any suggestion that he abused his discretion. The other issues that we've raised in our brief also would suggest that affirmance is required. For instance, whether the act is an affirmative defense isn't necessarily resolved by this Court. The Business Broker Act is certainly not listed in Rule 8C as a mandatory use it or lose it affirmative defense. You would hardly expect federal Rule 8 to list the Illinois Business Broker statute. I do not, Judge. I'm merely stating that as a foundation. The courts have addressed situations. There are other affirmative defenses. I don't think we need to worry over much about whether the Illinois statute is an affirmative defense or part of the plaintiff's claim. Very well. The question as to whether or not the Court should set aside its prior precedent and deter or go away from its prejudice requirement, I think that turns on the purpose of Rule 8C. The purpose of Rule 8C as stated by the courts is not to rigidly support gamesmanship or gotcha games on the pleadings. The purpose of Rule 8C is to give the opposing party notice of the affirmative defense and the chance to rebut it. That has been expressly satisfied here. The underlying theme of the federal rules in this Court and the Supreme Court's jurisprudence is that civil cases are to be decided on the merits, not on their technicalities. We have a meritorious defense here that they do not dispute applies and that the result is proper based on the merits of the case. The overwhelming jurisprudence of this Court and the federal rules suggests that cases are not to be decided on technicalities, but that's simply the exact rule. Sometimes time requirements in federal litigation are absolutely conclusive. If you file a Rule 59 motion one day late, you'll end up with an untimely notice of appeal which will be dismissed on jurisdictional grounds. Why, in your view, is Rule 12C not treated with similar strictness? Well, I think it goes to the pleading standards as well as to Rule 15 in that if the parties are allowed, you know, there's liberal construction of the pleadings. They're allowed opportunities to amend. The whole point is that they want the case to be decided on the merits. On a 59 motion, that comes after judgment. That comes after verdict. So presumably the case at that point has been decided on the merits. But perhaps incorrectly. Very well, and there's appeal mechanism for that. No, my point is if you file your Rule 59 motion one day late, it won't toll the time to appeal, and the notice of appeal will be untimely, and it will be dismissed, and you'll end up losing your right to appeal. We see that over and over and over, right? But it's enforced with absolute strictness. The question I'm asking is why some rules like that are enforced with absolute strictness and others not. Now, you might say that one answer is that Rule 6 says that the time under Rule 59 must not be extended. District judge just can't do it. And that's a must applicable to a judge rather than a must applicable to a litigant. But is that an adequate reason? Well, I would also submit that it has to do with appellate jurisdiction, and the appellate courts are staunch defenders. Only the time for the notice of appeal is jurisdictional. The time for a Rule 59 motion isn't jurisdictional, but it's mandatory. That's the Supreme Court's current terminology, mandatory but non-jurisdictional. Well, I mean, to the extent that one files a Rule 59 motion in hopes that that's tolling their deadline to file a notice of appeal, I mean, I can't, honestly, I can't answer the reasoning as to why those post-judgment times are mandatory and the pre-judgment pleading deadlines are not mandatory. I can only tell you that the overwhelming wealth of jurisdiction case law holds that affirmative defenses are not waived unless there's prejudice. And there's no prejudice here, and counsel has not articulated any arguments to suggest there's any sound basis for reversing the state of the law. There's only one other point I'd like to make. The opening brief by the appellant is dedicated to the waiver issue. On their reply, they raised another issue as to that the underlying court's summary judgment order should be reversed and entered in their favor based on the facts and the arguments they made in the summary judgment motion. We did not have an opportunity to respond to that, so we would just submit that that's not properly preserved for appellate review. Thank you. Thank you, counsel. Anything further? Mr. Tutuian? Your Honors, no matter how you rule, please discuss in your opinion the word must and Rule 1. And whatever you do, please don't ever refer to your rules as technicalities. I find it very disturbing. I think we will be the best judge of how to write our opinions. Okay. But, I mean, the DeValk and the Dresser case refer to compliance with Rule 8 and 12 as a technicality. If an attorney said that directly to the court, the court would be upset. So I find that very disturbing that the court would ever refer to its rules as technicalities. The point here is what I'm suggesting is that the defendant, when they file a late outcome determinative defense, that they be held to justifying why they're doing it at this point in time. If they're able to justify it, then it goes to the plaintiff to demonstrate prejudice. That has never been done here. Judge Hart never conducted that type of hearing. Thank you, Counsel. Thank you. The case will be taken under advisement. United States v. Clark is